VINELAND TRUST COMPANY

*v.*

KATHARINE WESTENDORF and HELEN CAMPBELL et al.

[Submitted May 16th, 1916.   Decided June 30th, 1916.]

A bequest in trust for "the furtherance of the broadest interpretation of metaphysical thought" is for a charitable use and not invalid for indefiniteness.

---

*Mr. Leverett Newcomb,* for the complainant.

*Mr. Robert H. Southard* and *Mr. George H. Gilman* (of the New York bar), for the defendant legatees.

*Mr. Henry S. Alvord,* for the defendant next of kin.

BACKES, V. C.

This bill involves a construction of the last will and testament of Ellen M. Dyer, deceased. By the will she gave her residuary estate to Eliza Freeman Spencer for life, and disposed of the remainder in this language:

> "On the decease of the said Eliza Freeman Spencer, I further give, devise and bequeath all my estate, as it shall then stand, to Mrs. Katharine Westendorf, of Denver, Arapahoe County, State of Colorado, teacher of vocal expression and oratory, and to her friend, Mrs. Helen Campbell, author, to be used jointly by them in the furtherance of the broadest interpretation of metaphysical thought, in whatsoever manner and by whatsoever means they may jointly consider proper and best, authorizing them to sell and convey any and all real estate and use the proceeds thereof for the above purposes."

Eliza Freeman Spencer is deceased. The next of kin of the testatrix, having questioned the legality of the bequest and protested against its payment, the complainant, administrator with the will annexed, seeks the advice of the court and its protective decree.

The attack made upon the legacy is that the trust created thereby is not for a charitable use, and that it is vague and indefinite and incapable of being executed or supervised by the court. The grounds are untenable. The fund is to be used for the teaching of metaphysics—the science of being—the science which deals with ultimate reality; the philosophy of mind; the science beyond experience; the realm of transcendental rumination and of speculation of the philosophers. The subject is purely and essentially educational. It is a course of study in our colleges and universities, and the trust is, in every sense, a legal charity. The infinitude of the subject, and, consequently, the great latitude given to the trustees in executing the trust, creates no legal infirmity. The field of contemplative research is well

defined, and whether the investigation is to be pursued on the lines of materialism, idealism or realism, and whether according to the conception of the ancient philosophers, or of the more recent Kant, Wolf, or of Herbert Spencer, or within the narrower sphere of spiritualism or of Christian Science, was left to the judgment of the trustees. There is no uncertainty as to the objects of the bounty. All mankind may share in its benefits. The charity is general, with power in the trustees to make it definite. Such charities have been uniformly upheld, as for instance, for the tuition of poor children in the elements of English literature (*McBride* v. *Elmer, 6 N. J. Eq. 107*) ; to promote the religious interests and to aid missionary, educational and benevolent enterprises of a church (*DeCamp* v. *Dobbins, 29 N. J. Eq. 36; affirmed, 31 N. J. Eq. 671*) ; for the most deserving poor of the city of Paterson (*Hesketh* v. *Murphy, 35 N. J. Eq. 23; affirmed, 36 N. J. Eq. 304*) ; for the purpose of spreading the light on social and political liberty and justice in these United States of America (*George* v. *Braddock, 45 N. J. Eq. 757*) ; for the purchase of books upon the philosophy of spiritualism (*Jones* v. *Watford, 62 N. J. Eq. 339; affirmed,* on this phase, *64 N. J. Eq. 785*).

In *Glover* v. *Baker, 76 N. H. 393,* and in *Chase* v. *Dickey, 212 Mass. 555; 99 N. E. Rep. 410,* the courts held that the will of Mary Baker Eddy, which gave the residue of her estate in trust, to be in part devoted and used for the purpose of more effectually promoting and extending the religion of Christian Science as taught by her, created a charitable trust and was not invalid for indefiniteness or ambiguity.

The complainant will be decreed to pay the estate to the legatees-trustees.